IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

GARY LYNN ARCHER,

          Plaintiff,

Vs.                                                             No. 13-4098-SAC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

MEMORANDUM AND ORDER

        The court filed its order affirming the Commissioner's final decision that denied the claimant Gary Lynn Archer's ("Archer's") Title II application for disability insurance benefits and Title XVI application for supplemental security income under the Social Security Act ("Act"). (Dk. 16). Archer has timely filed a motion to alter and amend asking the court to reverse and remand the Commissioner's final decision for either an award of benefits or a new decision. He argues the court's memorandum and order suffers from "errors of law" on the issues of whether the ALJ adequately assessed the plaintiff's pain, residual functional capacity ("RFC") and credibility.

        Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party. Fed. R. Civ. P. 59(e). "'Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear

1

error or prevent manifest injustice.'" *Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Absent one of these "'highly unusual circumstances,'" the court should not grant a Rule 59(e) motion. *Id*. (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 529 U.S. 1082 (2000)). Such a motion is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d at 1012. Nor does it serve as "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

The plaintiff neither cites nor applies these standards in his motion to alter and amend. Nothing argued in the plaintiff's motion establishes clear error in the court's prior order. For these reasons, the court would be acting well within its discretion to deny the plaintiff's motion summarily. Instead, the court will address briefly the plaintiff's "dressed-up" arguments.

The plaintiff first argues the ALJ clearly erred in not discussing, addressing, or giving good reasons for not weighing the findings and opinions of the physicians, Drs. Marshall, Balter and Oller. As the court's prior order

2

indicated, the plaintiff did not take issue with the ALJ's identification of the medical opinions of record, none of which were offered by these named physicians. (Dk. 16, p. 12). The plaintiff is too late in now arguing that these physicians' records of treatment contain medical opinions. The plaintiff's present motion to alter and amend is not a timely motion for first arguing the failure to evaluate the records of Drs. Marshall, Balter and Oller as medical opinions. The ALJ was not required to discuss every piece of medical evidence, and it is not clear error here in failing to discuss, address, and give good reasons for not relying on all entries and aspects of those medical records. The plaintiff's motion repeats and extends arguable inferences from this medical evidence and then essentially asks the court to reweigh the evidence and displace the Commissioner's decision for its own. This is not the court's role in reviewing these cases under 42 U.S.C. § 405(g). The plaintiff's motion does not show clear legal error in the court's review of this issue.

On his second argument, the plaintiff fails to show how the court's order clearly erred in determining there was substantial evidence of record to support the ALJ's RFC that the plaintiff could sit 6 hours with a sit/stand option. This RFC finding is not contradicted by the medical evidence of record and is consistent with the record as a whole. The court's prior order lists the evidence sustaining the RFC finding. And on his third argument, the plaintiff simply reiterates that in his opinion the ALJ's credibility findings are not supported by

substantial evidence. The court's prior order cites and summarizes the factors evaluated and evidence considered by the ALJ in making this credibility finding. The court concluded that "[t]he ALJ 'clearly and affirmatively linked his adverse determination of Claimant's credibility to substantial record evidence . . . and our limited scope of review precludes us from reweighing the evidence or substituting our judgment for that of the agency.'" (Dk. 16, p. 16 (citing *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009)). The plaintiff has not met his burden of showing any clear error in the court's prior decision.

IT IS THEREFORE ORDERED that the plaintiff's motion to alter or amend judgment (Dk. 18) is denied.

Dated this 18th day of May, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge